## GEORGE BAKER v. STATE.

No. A-850.  Opinion Filed November 21, 1911.

Appeal from Texas County Court; W. C. Crow, Judge.

George Baker was convicted of a violation of the prohibition law, and appeals.  Reversed.

M. G. Wiley and William Edens, for plaintiff in error.

Chas. West, Atty. Gen., E. G. Spillman, Asst. Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.  Plaintiff in error was convicted of a violation of the prohibition law and was sentenced to serve a term of thirty days in the county jail and to pay a fine of fifty dollars.  Judgment and sentence was entered on May 9, 1910.  A petition in error was filed in this court on August 5, 1910.  The Attorney General has filed a confession of error, in part as follows:

"In this case the defendant was charged, by information, with unlawful possession of spiritous liquors with the intention of transporting such liquors from the restaurant of A. L. Baker in Guymon, Texas county, Oklahoma, to the Park hotel in Guymon, Texas county.  It seems that

6 Cr.—22

he had previously been placed on trial, October 6, 1909, charged with transporting intoxicating liquors from the residence of A. L. Baker in Guymon, Texas county, Oklahoma, to the restaurant of A. L. Baker, in Guymon, Texas county, state of Oklahoma, and at the time he was first tried, testified that he had the whisky in question and intended to take it to the Park hotel and from thence to Pratt, Kansas. The evidence he gave in the first case is introduced in this case, presumably as an admission of guilt on his part. There is no question but that the defendant did have in possession five pints of whisky and that he had them on his person and was engaged in taking them or transporting them from the restaurant mentioned to the Park hotel, across the street. That is his own testimony. It is true, he adds, that he intended to put the whisky in his grip and take it with him to Pratt, Kansas, to which place he was about to return to resume his position as railroad employee, firing an engine. It is useless to discuss this case further, however, because an examination of the instructions given by the trial court discloses the fact that the jury were instructed that the evidence given on a former trial, defendant's admission that he conveyed whisky from the restaurant to the Park hotel en route to Kansas, should be taken by the jury as the testimony of defendant in this case. The instruction is as follows:

"'The court further instructs the jury in this case that in this case the state has offered in evidence that testimony of the defendant given by him as a witness upon his behalf, in a former trial, that the whole of the testimony so read must be taken together, that which makes for the accused, as well as which may make against him, and the testimony so offered and read for the state must be considered as testimony of the defendant in this case as far as it goes.'

"This testimony was the testimony of the state and not that of defendant. He could not be forced to give evidence against himself.

"Sec. 21, art. 2, of the Constitution (Bill of Rights), provides:

"'No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person after having been once acquitted by the jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense.'

"The instruction is in direct conflict with this guaranty.

"Respectfully submitted,
        "CHARLES WEST, Atty. Gen.,
        "E. G. SPILMAN, Asst. Atty. Gen.,
        "SMITH C. MATSON, Asst. Atty. Gen."

As to the instruction quoted above the plaintiff in error contends that it does not contain a proper statement of the law. The instruction states that: "The testimony so offered and read for the state must be considered as the testimony of the defendant in this case." The defendant did not testify as a witness on his own behalf in the case on trial, but from the language of the court in this instruction it would appear that the court directed the jury to consider the testimony of the defendant in a former case as his testimony as a witness in the case on trial. For this reason we are of opinion that the instruction was erroneous. The judgment of the county court of Texas county is therefore reversed and the cause remanded.